### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BYRON SMITH, #B-12234** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 14-cv-01030-NJR** |
| | ) | |
| **JAMES LUTH,** | ) | |
| **OFFICER SMITH, and** | ) | |
| **DR. CARDWELL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Byron Smith, an inmate currently incarcerated at Vandalia Correctional Center ("Vandalia"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's claims against each Defendant are related to an incident which occurred on January 20, 2014, when Plaintiff fell while walking on ice, and the medical treatment he received for a back injury resulting from the fall.

Plaintiff filed this action on September 19, 2014, in the Northern District of Illinois. On September 24, the case was transferred from the Northern District of Illinois to this Court pursuant to 28 U.S.C. § 1404(a). (Doc. 5).

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A and dismiss the complaint for failure to state a claim.

### The Complaint

On the afternoon of January 20, 2014, Plaintiff was outside walking to the commissary when Defendant Smith "advised" all inmates to walk on a road that was covered in ice. (Doc. 1,

p. 6).  Plaintiff moved from the walkway (where there was no ice) to the road and proceeded to slip and fall on the ice. *Id*.

Initially, Plaintiff did not believe he was hurt, but later that day his wrist and back began to hurt. *Id*.  Plaintiff was put on a waiting list to see the doctor and was given Motrin in the meantime. *Id*.  Around January 25-28, 2014, Plaintiff was seen by a doctor who prescribed muscle relaxers for seven days.  After taking the prescribed muscle relaxers, Plaintiff was still experiencing back pain, particularly with climbing up to his bunk. *Id*.  He went back to the healthcare unit to request a lower bunk permit.  Plaintiff was seen by Defendant Dr. Cardwell.  Defendant Cardwell prescribed 600 mg of ibuprofen (with six refills on the prescription) to address Plaintiff's back pain, but he denied Plaintiff's request for a lower bunk permit, explaining that lower bunk permits were only authorized in a limited number of circumstances. *Id*.

Plaintiff wrote a letter to Defendant Luth, the warden at Vandalia, appealing Defendant Cardwell's denial of his request for a lower bunk permit. *Id*.  Defendant Luth responded that Defendant Cardwell did not believe that Plaintiff needed a lower bunk permit at that time. *Id*. at 6-7.  Plaintiff continued to suffer back pain and request medical treatment, but he asserts that his requests were denied. *Id*. at 7.  Eventually, however, Plaintiff's back was x-rayed.  Plaintiff states that the x-ray revealed "some[thing] wrong with my back but I don't understand." *Id*.  At the time the complaint was filed, Plaintiff was continuing to take ibuprofen and muscle relaxers. *Id*. Plaintiff maintains that he is still in severe pain and that his back stiffens up when he stands or sits for long periods of time, which has interfered with his sleep. *Id*. at 7.  He seeks $200,000 in monetary relief. *Id*. at 8.

**Discussion**

Plaintiff has named three Defendants, but he has not explicitly connected these Defendants to specific claims. The Court will proceed under the assumption that Plaintiff seeks to hold the various Defendants liable only for the claims in which they were involved. Plaintiff charges that Defendant Smith was negligent, but only with regard to Plaintiff's fall (Count 1). Likewise, Plaintiff asserts that Defendant Cardwell was indifferent to his medical needs following the fall (Count 2). Plaintiff makes a general assertion that Defendant Luth was negligent. However, Plaintiff provides no facts related to Defendant Luth, other than that Plaintiff wrote Luth to request a lower bunk permit after he had been denied one by Defendant Cardwell.

A civil rights action against state officials under 42 U.S.C. § 1983 is "a cause of action based upon personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994) (citing *Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983)); *see also Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). Plaintiff has offered no facts suggesting that Defendant Luth caused or participated in the conduct that Plaintiff alleges amounted to a constitutional deprivation. The fact that Defendant Luth was warden at the time and affirmed Dr. Cardwell's decision denying Plaintiff's request for a lower bunk permit does not suffice. Therefore, all claims against Defendant Luth shall be dismissed. The Court will turn now to the claims involving the remaining Defendants, Officer Smith and Dr. Cardwell.

**Count 1: Deliberate Indifference to Inmate Safety**

In order to proceed on an Eighth Amendment claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). First, the alleged condition or deprivation must be objectively serious. The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component is the intent with which the acts or practices constituting the alleged punishment or conditions are inflicted. *Jackson*, 955 F.2d at 22. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842.

In the present case, Plaintiff sustained a back injury when he slipped and fell while walking on an icy road. (Doc. 1, p. 6).  Plaintiff asserts that Defendant Smith is liable because he "advised" Plaintiff and other inmates to move from a walkway that was not covered in ice to a road that was covered in ice.  These facts fall short of stating a claim of deliberate indifference under the Eighth Amendment.  While it is unfortunate that Plaintiff slipped on an icy road and injured his back, his allegations do not suggest a substantial risk of serious harm that reflects the deliberate indifference required to impose liability under § 1983. Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane,* 959 F.2d 673, 677 (7th Cir.1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth,* 944 F.2d 344, 347 (7th Cir.1991).  Courts have consistently held that while correctional officials must use ordinary care to protect prisoners from unreasonable risks, they cannot be expected "to provide them with a risk-free environment." *Dunne v. United States,* 989 F.2d 502 (7th Cir. 1993); *see e.g.*, *Snipes v. DeTella,* 95 F.3d 586, 592 (7th Cir.1996) ("an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"); *Carroll v. DeTella,* 255 F.3d 470, 472 (7th Cir.2001) ("[F]ailing to provide a maximally safe environment, one completely free from . . . safety hazards, is not [a constitutional violation].").  At most, Plaintiff has suggested that Defendant Smith was negligent, but negligence alone is not enough to support a claim of deliberate indifference. *Daniels v. Williams,* 474 U.S. 327, 332 (1986); *Farmer v. Brennan,* 511 U.S. 825, 837, (1994).  Therefore, this claim shall be dismissed.

In the complaint, Plaintiff also invokes the "pendent jurisdiction of this Court," but he says no more in terms of what claims he wishes the Court to exercise supplemental jurisdiction

over.  (Doc. 1, p. 1).  Since the Court is dismissing this Eighth Amendment claim, it will not consider potential state law claims related to these same facts.  While relief in federal court is foreclosed to Plaintiff, a suit for negligence may be brought in state court.  The Court takes no position on the merits or viability of such a claim.

**Count 2: Deliberate Indifference to Serious Medical Needs**

Plaintiff also claims that Defendant Cardwell was indifferent to his serious medical need. It is unclear whether Plaintiff objects to the medical treatment he received or to Defendant Cardwell's refusal to issue him a lower bunk permit.  The Court will consider each of these potential claims in turn.

To plead an Eighth Amendment medical needs claim, a complaint must allege two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition. *See Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir.2006); *see also Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir.2011).  The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).  To establish that an official acted with deliberate indifference, a plaintiff "must demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'"  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  Mere disagreement with a physician's chosen course for an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment.  *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques); *Snipes v. DeTella*, 95 F.3d

586, 591 (7th Cir. 1996). Moreover, the Eighth Amendment does not entitle prisoners to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Generally, an inmate's dissatisfaction with the medical care he receives in prison does not state a constitutional claim for deliberate indifference to medical needs, even if the quality of care was substandard to the point of negligence or malpractice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

Back injuries can be serious, and no doubt the pain associated with a back injury can be debilitating. The mere fact that Plaintiff continues to suffer back pain does not, however, standing alone, support a claim of deliberate indifference to a serious medical need. In addition to alleging a serious medical need, Plaintiff must state facts that support his claim that Defendant Cardwell was deliberately indifferent to that need. He has not. Plaintiff's claim that he was "ignored and denied medical attention" is not supported by the facts stated throughout the complaint. Contrary to that assertion, over the course of the last several months Plaintiff has been seen by a doctor on a number of occasions, his back was x-rayed at his request, and he has been prescribed pain medicine and muscle relaxers to treat his back injury. Other than being denied a lower bunk permit and the fact that he remains in pain, Plaintiff asserts no objections to the medical treatment he has received thus far. Moreover, even if Plaintiff feels like the treatment he received was inadequate, "[a] prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (internal citations and

quotations omitted). *see also Norfleet v. Webster,* 439 F.3d 392, 396 (7th Cir. 2006) ("To infer deliberate indifference on the basis of a physician's treatment decision, the decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on the medical judgment.")  Plaintiff has failed to plead sufficient facts in support of a claim for medical indifference.  Therefore, this claim must also be dismissed.

**Disposition**

       **IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted, and it is **DISMISSED** in its entirety.  Defendants **LUTH, SMITH,** and **CARDWELL** are **DISMISSED** from this action with prejudice.

       **IT IS FURTHER ORDERED** that all pending motions (Docs. 4 and 11) are **DENIED AS MOOT**.

       Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

       If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike."  A

timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  October 20, 2014**

_____
NANCY J. ROSENSTENGEL
United States District Judge